**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Zhiyong Chen,

    Plaintiff,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule A,

    Defendants.

Case No.: 1:26-cv-03631

## COMPLAINT

**NOW COMES** Zhiyong Chen ("Plaintiff"), by and through Plaintiff's undersigned counsel, hereby brings the present case against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and alleges as follows:

### Introduction

1. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit after-sun skin lotion products using Plaintiff's federally registered word mark (the "Plaintiff Mark") (see Exhibit 1). Plaintiff sells genuine after-sun skin lotion products under the Plaintiff Mark, including the product depicted and offered for sale on Plaintiff's authorized online storefront, as shown in Exhibit 2 (the "Genuine Product"). Defendants' listings use the Plaintiff Mark in the listing title, description and/or product images to advertise, offer for sale, and sell non-genuine after-sun skin lotion products that are not manufactured by, affiliated with, or authorized by Plaintiff (the "Counterfeit Products").

2. Defendants create fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Schedule A, attached hereto (collectively, "Defendant Online Stores"), that are intentionally designed to appear to be selling genuine Plaintiff products, while actually selling Counterfeit Products to unknowing consumers.

3. The Defendant Online Stores share identifiers, such as using identical or slightly modified product photographs, and design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

4. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full structure and scope of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff Mark, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet.

5. Plaintiff has been and continues to be harmed by consumer confusion, dilution, and damage to its goodwill and accordingly seeks injunctive and monetary relief.

## Jurisdiction and Venue

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338(a)-(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District. Defendants conduct business with residents of Illinois and this Judicial District by operating one or more Defendant Online Stores through which residents of Illinois and this

Judicial District can purchase products being offered and sold under counterfeit versions of Plaintiff's federally registered trademark. Each Defendant offers shipping to addresses within Illinois and this Judicial District, accepts payment in U.S. dollars and/or through payment methods used by U.S. consumers, and, on information and belief, completed sales to U.S. consumers including consumers in Illinois. Each Defendant has committed and is committing tortious acts in Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

8.        Alternatively, to the extent any Defendant contends it is not subject to personal jurisdiction in Illinois, this Court has personal jurisdiction over that Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Plaintiff's claims arise under federal law; (ii) on information and belief, Defendants are not residents of any U.S. state and are not subject to general jurisdiction in the courts of any single state; and (iii) exercising jurisdiction is consistent with the United States Constitution and laws. Defendants have purposefully directed commercial activity at the United States by operating the Defendant Online Stores to solicit U.S. customers, offering shipping to the United States, and accepting U.S.-dollar payments (including through U.S.-based payment channels), such that Defendants have sufficient contacts with the United States as a whole.

**The Plaintiff**

9.        Plaintiff specializes in the creation, manufacture, marketing, and sale of after-sun skin lotion products sold under Plaintiff's internationally recognizable and federally registered trademark (collectively, "Plaintiff's Products" or "Plaintiff Products").

10.        Plaintiff is the owner and licensor of the Plaintiff Mark and the Plaintiff's Products. Exhibit 2 depicts Plaintiff's genuine product offering and Plaintiff's use of the

3

Plaintiff Mark in commerce.

11.     Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the Plaintiff Mark. The success of Plaintiff's business enterprise is dependent on and a result of Plaintiff's effort to market, promote, and advertise online via e-commerce.

12.     As a result of the efforts of Plaintiff, the quality of Plaintiff's Products, the promotional efforts for Plaintiff's products and designs, the members of the public have become familiar with Plaintiff's Products and Plaintiff Mark and associate Plaintiff's Products and the Plaintiff Mark exclusively with Plaintiff.

13.     Plaintiff has made efforts to protect Plaintiff's interests in and to the Plaintiff Mark. Plaintiff is the only entity authorized to manufacture and place into commerce new, genuine goods bearing the Plaintiff Mark. Plaintiff has not licensed or authorized Defendants to use the Plaintiff Mark.

**The Defendants**

14.     Defendants are individuals and business entities, who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the Defendant Online Stores. Each Defendant targets the United States, including this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit Products to consumers within the United States, including the State of Illinois and this Judicial District.

15.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import,

4

distribute, offer for sale, and sell products using counterfeit versions of the Plaintiff Mark in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Complaint.

16.     On information and belief, none of the Defendants identify any U.S. state of residence in their marketplace seller profiles or registration information. Instead, Defendants conceal their true identities and locations through the use of incomplete, false, or foreign contact information. On information and belief, Defendants are not residents of any U.S. state and are not subject to general jurisdiction in the courts of any single state. Defendants' conduct, however, is purposefully directed at the United States as a whole, including through the misuse of Plaintiff's federally registered trademark in listings targeting U.S. consumers.

### Plaintiff's Business

17.     Since April 2023, Plaintiff has sold genuine after-sun skin lotion products under the Plaintiff Mark, including the Genuine Product. Plaintiff uses the Plaintiff Mark on products and in online product listing to indicate source and authenticity. Plaintiff's genuine offerings are identified in Exhibit 2.

18.     Plaintiff has spent considerable resources growing and protecting Plaintiff's brand and the Plaintiff Mark.

19.     Plaintiff is the owner of all rights, title, and interest in and to the Plaintiff Mark.

20.     Plaintiff uses the Plaintiff Mark in connection with the marketing of Plaintiff's Products and has registered the Plaintiff Mark with the United States Patent and Trademark Office

on the Principal Register, as set forth in Exhibit 1.

21.     The U.S. registration for the Plaintiff Mark is valid, subsisting, and in full force and effect. The registration for the Plaintiff Mark constitutes *prima facie* evidence of the Plaintiff Mark's validity and of Plaintiff's exclusive right to use the Plaintiff Mark pursuant to 15 U.S.C. § 1057(b).

22.     Plaintiff has built substantial goodwill in the Plaintiff Mark which is a valuable asset of Plaintiff.

23.     Plaintiff has continuously used the Plaintiff Mark in U.S. interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff Products since 2021.

24.     Plaintiff Products have become popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine Plaintiff Products are instantly recognizable among the consuming public and the Plaintiff Mark identifies, in the United States and around the world, high quality after-sun skin lotion products offered by Plaintiff.

25.     Plaintiff Products have been promoted and sold through online channels, including the genuine product offering depicted in Exhibit 2.

26.     As a result of Plaintiff's long-standing use of the Plaintiff Mark in association with Plaintiff's high-quality products, extensive sales, and significant marketing activities, the Plaintiff Mark has achieved widespread acceptance and recognition among the consuming public and throughout U.S. interstate commerce.

27.     The Plaintiff Mark is exclusive to Plaintiff and appears clearly with all Plaintiff Products. Plaintiff has expended substantial time, money, and other resources to develop, advertise, promote, and protect the Plaintiff Mark. Accordingly, products bearing the Plaintiff

6

Mark are widely recognized and exclusively associated by the consuming public and the industry as being high-quality after-sun skin lotion products sourced from Plaintiff.

28.     The Plaintiff Mark is distinctive when used in association with the sale of Plaintiff's after-sun skin lotion products, signifying to the purchaser that the products come exclusively from Plaintiff and are made to Plaintiff's material specifications.

<strong>Defendants' Unlawful Conduct</strong>

29.     Plaintiff has policed use of the Plaintiff Mark and has identified the Defendant Online Stores set forth on Schedule A that use the Plaintiff Mark in connection with the advertising, offering for sale, and/or sale of after-sun skin lotion products that are not genuine Plaintiff Products.

30.     Each Defendant identified on Schedule A is associated with at least one specific online product listing offering after-sun skin lotion product in which the Plaintiff Mark appears in the listing title, product images and/or, in some instances, the product description.

31.     The screenshots reflect that Defendants use the Plaintiff Mark to attract consumers searching for genuine Plaintiff Products and to pass off Defendants' products as genuine, sponsored by, approved by, or affiliated with Plaintiff, when they are not. In many instances, Defendants reproduce the Plaintiff Mark directly within product images or use the mark prominently in listing titles to ensure visibility in search results.

32.     On information and belief, certain Defendants have copied Plaintiff's own product listing images and promotional photographs for use in their infringing listings, including images that are identical or substantially indistinguishable from those appearing on Plaintiff's authorized online storefront. In some instances, Defendants' listings reproduce Plaintiff's exact product photographs, including identical angles, backgrounds, image compositions, and

7

promotional layouts. Such copying is deliberate and demonstrates actual knowledge of Plaintiff and intentional efforts to trade on Plaintiff's goodwill.

33. Plaintiff's federal registration of the Plaintiff Mark on the Principal Register provides constructive notice of Plaintiff's ownership and exclusive rights pursuant to 15 U.S.C. § 1072. Defendants are therefore deemed to have notice of Plaintiff's rights in the Plaintiff Mark. Defendants' use of identical or substantially indistinguishable reproductions of the Plaintiff Mark in connection with the sale of non-genuine goods constitutes use of a "counterfeit mark" within the meaning of 15 U.S.C. § 1116(d).

34. Defendants' U.S.-directed conduct is not merely general commercial activity. Rather, Defendants specifically target U.S. consumers by using the Plaintiff Mark in listings accessible in the United States, offering prices in U.S. dollars, accepting payment methods commonly used by U.S. consumers, and offering shipping to U.S. addresses, including Illinois and this Judicial District. By using the Plaintiff Mark in this manner, Defendants purposefully direct infringing conduct at the United States and cause harm arising directly from the misuse of Plaintiff's federally registered trademark.

35. On information and belief, each Defendant has completed sales of Counterfeit Products to U.S. consumers including consumers in Illinois.

36. Defendants take steps to conceal their identities by operating under fictitious store names and using incomplete or false contact information. Despite the use of multiple seller names, the Defendant Online Stores share common characteristics, including the use of identical or substantially similar product images, listing text, pricing structures, and formatting, as well as common payment processing methods. These similarities further support the conclusion that Defendants are acting in concert and knowingly engaging in willful trademark counterfeiting and

8

infringement.

37.     Defendants' unauthorized use of the Plaintiff Mark in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products is likely to cause and has caused confusion, mistake, and deception as to the source, sponsorship, or affiliation of the products. Defendants' conduct is willful, intentional, and undertaken in bad faith for the purpose of capitalizing on Plaintiff's reputation and goodwill.

## Count 1

### Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

38.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 37.

39.     Plaintiff's trademark infringement claims against Defendants are based on Defendants' unauthorized use in commerce of counterfeit imitations of the federally registered Plaintiff Mark in connection with the advertising, distribution, offering for sale, and sale of infringing goods.

40.     The Plaintiff Mark is a distinctive mark, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the Plaintiff Mark.

41.     Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the Plaintiff Mark without Plaintiff's permission.

42.     Plaintiff is the exclusive owner of the Plaintiff Mark. Plaintiff's registration for the Plaintiff Mark is in full force and effect.

43.     As alleged above, Defendants had constructive and actual notice of Plaintiff's right. Defendants' infringement is therefore willful.

9

44.     Defendants' willful, intentional, and unauthorized use of the Plaintiff Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

45.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

46.     Plaintiff has no adequate remedy at law and will suffer irreparable harm to Plaintiff's reputation and goodwill of Plaintiff's well-known Plaintiff Mark if Defendants' actions are not enjoined.

47.     Defendants' wrongful advertisement, offering to sell, and sale of Counterfeit Products have directly and proximately caused injuries and damage to Plaintiff.

### Count II

### False Designation of Origin (15 U.S.C. § 1125(a))

48.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 47.

49.     Defendants' advertising, distribution, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

50.     By using the Plaintiff Mark in association with the advertising, distribution, offering for sale, and sale of the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Counterfeit Products.

51.     Defendants' false designation of origin and misrepresentation of fact as to the

origin and/or sponsorship of the Counterfeit Products to the general public involves the use of a counterfeit mark and is a willful violation of 15 U.S.C. § 1125.

52.    Plaintiff has no adequate remedy at law and will suffer irreparable harm to Plaintiff's reputation and goodwill of Plaintiff's well-known Plaintiff Mark if Defendants' actions are not enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.   using the Plaintiff Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff Mark;

b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Mark;

c.   committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.   further infringing the Plaintiff Mark and damaging Plaintiff's goodwill; and

e.   manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Walmart, Amazon, eBay, sponsored search engine, ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo (collectively, "Third Party Providers") shall:

a.   disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiff Mark;

b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Mark; and

c.   take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just.

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated: April 1, 2026

Respectfully submitted,

/s/ *Qin Zhuang*

Qin Zhuang

870 Sunset Ave, Haworth, NJ 07641

201-905-4195

zhuangqin@yuntinglaw.com

**Counsel for Plaintiff**

13